Todd M. Friedman (216752)
Meghan E. George (274525)
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard Street, Suite 780
Woodland Hills CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
mgeorge@toddflaw.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK AGUILAR, individually and on behalf of all persons similarly situated,

        Plaintiff,

-vs-

SPECTRUM BRANDS, INC.;
DOES 1-10, inclusive,

        Defendant(s).

Case No.

**PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES**

## INTRODUCTION

1. Plaintiff brings this action against Defendant SPECTRUM BRANDS, INC. ("Defendant") on behalf of all persons who purchased a Repel Insect Repellant Citronella Candle (collectively the "Class Products"). The Class Products are defectively manufactured, and the resulting defects cause the candles to explode, causing serious injury and burns, and threat of serious damage, to the class members. In short, they cannot be operated in the method which a reasonable consumer would

---
1
PLAINTIFF'S COMPLAINT FOR DAMAGES

expect a candle to operate. Defendants manufacture, test, recall, distribute and sell the Class Products.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to the Class Action Fairness Act (CAFA) because the matter in controversy in this matter exceeds the sum or value of $5,000,000 as to all putative Class members, exclusive of attorneys' fees and costs. 28 U.S.C. Sections 1332(d), 1453, and 1711-1715.

3. This Court also has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that Plaintiff is a resident and citizen of the State of California while Defendant is a corporation incorporated under the laws of the State of Wisconsin.

4. Venue is proper in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Kern, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) many of the acts and transactions giving rise to this action occurred in this district because Defendant:

    (a) is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district;

    (b) does substantial business within this district;

    (c) is subject to personal jurisdiction in this district because it has availed itself of the laws and markets within this district; and,

    (d) the harm to Plaintiff occurred within this district.

## PARTIES

5. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the

County of Kern, State of California. Plaintiff purchased a Repel Insect Repellant Candle in 2020, in Bakersfield, California.

6. Plaintiff is informed and believes and thereon alleges that Defendant is, and at all times mentioned herein was, a corporation incorporated under the laws of the State of Delaware. Plaintiff further alleges that all times relevant herein Defendant conducted business in the State of California and in within this judicial district, where Defendant marketed and sold its products.

7. The true names and capacities of the Defendants sued herein as Does 1-10 inclusive are currently unknown to Plaintiffs, who therein sued Defendants by such fictitious names. Each of the Defendant's designated herein as a Doe is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of court to amend the Complaint to reflect the true names and capacities of the Doe defendants when such identities become known.

8. At all times herein mentioned, each and every defendant was the owner, agent, servant, joint venturer and employee, each of the other and each was acting within the course and scope of its ownership, agency, service, joint venture and employment.

9. At all times mentioned herein, each and every defendant was the successor of the other and each assumes the responsibility for the defective products.

## FACTUAL ALLEGATIONS

10. Plaintiff realleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

### REPEL INSECT REPELLANT CITRONELLA CANDLE

11. A Repel Insect Repellant Citronella Candle is a trademark owned by Spectrum Brands, Inc.

12. The Repel Insect Repellant Citronella candle is sold in major retail stores

throughout the united states, including Walmart, Target, Home Depot, and numerous other retailers nationwide.

13. The Repel Insect Citronella Candle is sold at market value for anywhere between $5-$7 dollars.

14. Because of the faulty safety features, consumers who have purchased the Class Products are in possession of a very dangerous candle that can explode and cause injury when extinguished. The claims are evidenced by the hundreds (if not thousands) of consumer complaints on the Internet.

15. In Plaintiff's case, Plaintiff utilized the Repel Insect Repellant Citronella Candle in accordance with the way in which a reasonable consumer would expect to utilize a candle.

16. When ultimately extinguishing the Class Product, in a way in which a reasonable consumer using a candle would extinguish one, plaintiff's candle exploded; causing Plaintiff to suffer burns all over his face as the hot wax and chemicals sprayed all over him.

17. Plaintiff was forced to incur monetary damages in the form of medical bills which were a direct result of his injuries caused by Defendant's faulty and flawed products, that were unsafe, and dangerous.

18. Plaintiff, an avid camper, is likely to purchase another Repel Insect Repellant Citronella Candle in the future, and thus, is likely to be similarly misled by Defendant's claims unless the product is recalled and the design and safety defects as stated herein, remedied.

### CLASS ACTION ALLEGATIONS

19. Plaintiff brings this action, on behalf of himself and all others similarly situated ("the Class") pursuant to Fed.R.Civ.P Rule 23(a) and (b)(3), or pursuant to Fed.R.Civ.P. Rule 23(a) and (b)(2), on their own behalf and on behalf of all others who purchased a REPEL Insect Repellant Citronella Candle.

20.     Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

21.     There is a well-defined community of interest in the litigation, the proposed class is easily ascertainable, and Plaintiff is a proper representative of the Class because:

    a.  *Numerosity*: The potential members of the Class as defined are so numerous and so diversely located throughout California and nationwide, that joinder of all the members of the Class impracticable. The class members are dispersed throughout California and nationwide. Joinder of all members of the proposed class is therefore not practicable.

    b.  *Commonality*: There are questions of law and fact common to Plaintiff and the Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, without limitation:

        i)      whether Defendants have breached implied warranties;

        ii)     whether Defendants have breached common law warranties/contract;

        iii)    whether Defendants have violated the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, et seq.;

        iv)     whether Defendants knew or should have known the Class Products were defective prior to selling or placing them into the stream of commerce; and

        v)      The nature and extent of damages, restitution, equitable relief

vi) and/or other relief to which the Defendants' conduct entitles the Class members.

vii) The proper formula(s) for calculating and/or restitution owed to Class members.

c. **Typicality**: Plaintiff's claims are typical of the claims of the Class. Plaintiff and Class members were deprived of property rightly belonging to them, arising out of and caused by Defendant's common course of conduct in violation of law as alleged herein, in similar ways.

d. **Adequacy of Representation:** Plaintiff is a member of the Class and will fairly and adequately represent and protect the interests of the class members. Plaintiff's interests do not conflict with those of class members. Counsel who represent Plaintiff are competent and experienced in litigating large class actions, and will devote sufficient time and resources to the case and otherwise adequately represent the Class.

e. **Superiority of Class Action:** A class action is superior to other available methods for the fair and efficient adjudication of this litigation, because individual joinder of all Class members would be impracticable.  Many such persons' losses are modest in relation to the expense and burden of individual prosecution of the litigation necessitated by Defendants' wrongful conduct.  Even if all Class members could afford such individual litigation, the court system would benefit from a class action.  The prosecution of separate claims by individual members of the Class would create a risk of inconsistent or varying adjudications concerning individual members of the Class which would establish incompatible standards of conduct for the party opposing the Class, as well as create the potential for inconsistent or contradictory judgments.  Furthermore, the prosecution of separate claims by individual members of the Class would create a risk of adjudications concerning individual members of the Class which would, as a

practical matter, be dispositive of the interests of other members of the Class who are not parties to the adjudications, or substantially impair or impede the ability of other members of the Class who are not parties to the adjudications to protect their interests. Individualized litigation would also magnify the delay and expense to all parties and to the court system presented by the issues of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefit of comprehensive supervision by a single court, as well as economy of scale and expense.

## COUNT I
### BREACH OF IMPLIED WARRANTIES

22.   Plaintiff hereby incorporates by this reference as if fully set further herein, each and every allegation set forth in the preceding paragraphs of this complaint.

23.   A warranty that the Class products were in merchantable condition was implied in law in the transactions, pursuant to California law.

24.   The Class Products, when sold and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which citronella candles are used. Specifically, the citronella candles are inherently defective in their manufacturing, in that they are highly flammable, which when extinguished can result in burning the consumer, like the named Plaintiff herein. The result is that Class Products are dangerous as sold and are a safety danger to all consumers.

25.   Plaintiff and Class members have had sufficient direct dealings with Defendant or its agents (retailers) to establish privity of contract. Notwithstanding this, privity is not required in this matter because Plaintiff and Class members are intended third party beneficiates of contracts between Defendant and its dealers; specifically, they are the intended beneficiaries of Defendant's implied warranties. Finally, privity is also not required because Plaintiff's and Class members' pressure cookers are dangerous instrumentalities due to the aforementioned defects and

nonconformities.

26.     As a direct and proximate result of Defendant's breaches of the implied warranties of merchantability and fitness for a particular purpose, pursuant to the laws of California, Plaintiff and the Class members have been damaged in an amount to be determined at trial.

27.     Plaintiff and Class members are entitled to recover damages as provided by statute, costs, attorneys' fees, rescission and other relief as is deemed appropriate pursuant to the laws of  California.

## COUNT II

## BREACH OF WARRANTY UNDER THE MAGNUSON-MOSS ACT, 15 U.S.C. §§ 2301, ET SEQ.

28.     Plaintiff hereby incorporates by this reference as if fully set forth herein, each and every allegation set forth in the preceding paragraphs of this complaint.

29.     The defective class products at issue are "consumer products" within the meaning of the Magnuson-Moss Act, 15 U.S.C. § 2301(1).

30.     Plaintiff and Class members are "consumers" within the meaning of the Magnuson-Moss Act, 15 U.S.C. § 2301(3)

31.     Each Defendant is a "supplier" and "warrantor" within the meaning of the Magnuson-Moss Act, 15 U.S.C. § 2301(4)-(5).

32.     Defendant impliedly warranted to Plaintiff and Class members that the Class Products were of merchantable quality and fit for the ordinary purposes for which they are used.

33.     Defendant refuses to recognize or honor its implied warranties.  Defendants breached their implied warranties, as the defective Class Products were not of merchantable quality and failed to perform in the ordinary purposes for which they were used.

34.     Defendants warranted to Plaintiff and Class members that the Class Products

were safe, and suitable to be used in the normal course and purpose for which it was purchased. In fact, the Class Products are not safe to extinguish as a normal candle would be extinguished, and subjects Plaintiff and other class members to the dangerous condition of these defective products.

35. The amount in controversy of Plaintiff's and Class members' individual claims meets or exceeds the sum or value of $25. In addition, the amount in controversy meets or exceeds the sum or value of $75,000 (exclusive of interest and costs), computed on the basis of all claims to be determined in this suit.

36. Resorting to any further informal dispute settlement procedure or affording Defendant another opportunity to cure their breach of implied warranties is unnecessary or futile. Defendant knew, reasonably should have known, or were reckless in not knowing of the defective class products and their inability to perform as warranted, but nevertheless failed to rectify the situation. Therefore, any remedies available through informal dispute settlement procedures would be inadequate under the circumstances. Accordingly, any requirement under the Magnuson-Moss Act or otherwise that Plaintiff resorts to informal dispute settlement procedures or afford Defendants a reasonable opportunity to cure their breaches of implied warranties is excused or has been satisfied.

37. As a proximate result of Defendant's breaches of implied warranties, Plaintiff and Class members have sustained damages and other losses in an amount to be determined at trial. Plaintiff and Class members are entitled to recover damages, costs, attorneys' fees, rescission, restitution and other relief as is deemed appropriate.

## COUNT III.

## **VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, ET SEQ.**
## **[CALIFORNIA'S UNFAIR COMPETITION LAW]**

38. Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

39. Plaintiff and Defendant are each "person[s]" as defined by California Business & Professions Code § 17201. California Bus. & Prof. Code § 17204 authorizes a private right of action on both an individual and representative basis.

40. "Unfair competition" is defined by Business and Professions Code Section § 17200 as encompassing several types of business "wrongs," two of which are at issue here: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

41. By and through Defendant's conduct alleged in further detail above and herein, Defendant engaged in conduct which constitutes (a) unlawful and (b) unfair business practices prohibited by Bus. & Prof. Code § 17200 et seq.

### (a) Unlawful" Prong

42. As a result of Defendant's acts and practices in violation of California's Automatic Renewal Statute, California's Bus. & Prof. Code § 17600, et seq., Defendant has violated California's Unfair Competition Law, Business & Professions Code §§ 17200 *et seq.*, which provides a cause of action for an "unlawful" business act or practice perpetrated on members of the California public.

43. Defendant had other reasonably available alternatives to further its legitimate business interest, other than the conduct described herein, such as adequately disclosing the terms of Defendant's automatic renewal offers and continuous service offers, as set forth by Cal. Bus. & Prof. Code § 17600, et seq.

44. Plaintiff and the putative class members reserve the right to allege other violations of law, which constitute other unlawful business practices or acts, as such conduct is ongoing and continues to this date.

### *(b) "Unfair" Prong*

45. Defendant's actions and representations constitute an "unfair" business act or practice under § 17200 in that Defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. Without limitation, it is an unfair business act or practice for Defendant to knowingly or negligently fail to adequately disclose the terms of Defendant's automatic renewal offers and continuous service offers, as set forth by Cal. Bus. & Prof. Code §§ 17600, et seq.

46. At a date presently unknown to Plaintiff, but at least four years prior to the filing of this action, and as set forth above, Defendant has committed acts of unfair competition as defined by Cal. Bus. & Prof. Code §§ 17200 et seq., as alleged further detail above and herein.

47. Plaintiff and other members of the Class could not have reasonably avoided the injury suffered by each of them. Plaintiff reserves the right to allege further conduct that constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date, as Defendant continues to make automatic renewal offers and continuous service offers in the manner described above in herein, in violation of Cal. Bus. & Prof. Code §§ 17600, et seq. and Cal. Bus. & Prof. Code §§ 17200, et seq.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests the Court grant Plaintiff and the Class members damages against Defendant and relief as follows:

- An order certifying this action as a class action and appointing Plaintiff as Class Representatives and their counsel as Class Counsel;

- An order requiring Defendants to pay Plaintiff and Class members an amount of actual, direct, incidental and consequential damages in an amount to be determined at trial;
- An order awarding restitution as to all causes of action where restitution is available;
- An order awarding revocation as to all causes of action where revocation is available;
- An order granting preliminary and permanent injunctive relief requiring Defendants to recall and replace or repair the defective Pressure Cookers, and prohibiting any further misleading or deceptive advertising campaigns for Pressure Cookers;
- An order awarding pre- and post-judgment interest;
- An award of reasonable attorney's fees and costs of suit as permitted by law; and
- For such other and further relief this Court may deem just and proper.

### TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Law Offices of Todd M. Friedman, P.C.

Dated: November 3, 2020     By:     /s/     Todd M. Friedman

Todd M. Friedman, Esq.
Meghan E. George, Esq.
Attorneys for Plaintiffs and the Proposed Class