Eileen M. Ahern (Bar No. 216822)
eahern@willenken.com
Mayra de Aguiar (Bar No. 212709)
mdeaguiar@willenken.com
WILLENKEN LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, California 90017
Telephone:  (213) 955-9240
Facsimile:  (213) 955-9250

Attorneys for Defendant
UNITED INDUSTRIES CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK AGUILAR, individually and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SPECTRUM BRANDS, INC.; UNITED INDUSTRIES CORP.; DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 1:20-cv-01564-DAD-JLT<br><br>**UNITED INDUSTRIES CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Date:      March 16, 2021<br>Time:      9:30 a.m.<br>Ctrm:      5<br><br>Assigned to the Hon. Dale A. Drozd |

180484.1

# TABLE OF CONTENTS

Page

I.     INTRODUCTION ......................................................................................... 1

II.    STATEMENT OF FACTS ........................................................................... 2

III.   LEGAL STANDARDS ................................................................................ 3

       A.     Standard for Motion to Dismiss Pursuant to Rule 12(b)(1). ............... 3

       B.     Standard for Motion to Dismiss Pursuant to Rule 12(b)(6). ............... 3

IV.    ARGUMENT ............................................................................................... 4

       A.     Count I for Breach of Implied Warranty Must Be Dismissed
              for Lack of Privity to the Extent It is Premised Upon Violation
              of Section 2314. .................................................................................. 4

       B.     Plaintiff's Claim for Violation of the MMWA Should Be
              Dismissed for Lack of Subject Matter Jurisdiction............................. 7

       C.     Plaintiff's Claim for Violation of the UCL Must Be Dismissed
              for Failure to Plead an Inadequate Remedy at Law............................. 7

       D.     Plaintiff's Claim for Violation of the UCL's "Unfair" Prong Should
              Be Dismissed Because He Fails to Adequately Allege a Defect or
              UIC's Knowledge of a Defect. ......................................................... 10

              1.     Plaintiff Fails to Adequately Identify the Alleged Defect. .................. 10

              2.     Plaintiff Fails to Adequately Allege UIC's Knowledge of
                     Any Defect. ........................................................................... 12

       E.     Plaintiff's Statutory Claims Must Be Dismissed to the Extent
              They Are Alleged on Behalf of a Nationwide Class Because
              Plaintiff Fails to Allege Any Basis for Extraterritorial Application
              of California Statutes. ..................................................................... 13

V.     CONCLUSION......................................................................................... 18

180484.1

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662, 129 S.Ct. 1937 (2009) ...........................................................4, 8

*Banh v. Am. Honda Motor Co., Inc.*,
   No. 2:19-cv-05984-RGK-AS, 2019 WL 8683361 (C.D. Cal. Dec. 17, 2019) .........................7

*Barker v. Lull Eng'g Co.*,
   20 Cal.3d 413 (1978) .........................................................................9

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544, 127 S.Ct. 1955 (2007) ........................................................4

*Bly-Magee v. Cal.*,
   236 F.3d 1014 (9th Cir. 2001) ...............................................................10

*Cannon v. Harco Nat'l Ins. Co.*,
   No. 09-cv-00026-MMA-JMA, 2009 WL 10725673 (S.D. Cal. July 16, 2009) ......................3

*Clemens v. DaimlerChrysler Corp.*,
   534 F.3d 1017 (9th Cir. 2008) .............................................................4, 5

*Davis v. Loo*,
   No. 20-cv-01096-DAD-JLT, 2020 WL 6582419 (E.D. Cal. Nov. 10, 2020) (D. Drozd) .........3

*Dilley v. C.R. Bard, Inc.*,
   No. 2:14-cv-01795-ODW(ASx), 2014 WL 1338877 (C.D. Cal. Apr. 3, 2014) ....................9

*Drake v. Toyota Motor Corp.*,
   No. 2:20-cv-01421-SB-PLA, 2020 WL 7040125 (C.D. Cal. Nov. 23, 2020)......................7

*Durkee v. Ford Motor Co.*,
   No. C 14-0617 PJH, 2014 WL 4352184 (N.D. Cal. Sept. 2, 2014) ...........................8

*Figy v. Frito–Lay N. Am., Inc.*,
   67 F.Supp.3d 1075 (N.D. Cal. 2014)........................................................14

*Green v. Canidae Corp.*,
   No. CV09-0486-GAF(PLAx), 2009 WL 9421226 (C.D. Cal. June 9, 2009)........................5

*In re MacBook Keyboard Litig.*,
   No. 5:18-cv-02813-EJD, 2020 WL 6047253 (N.D. Cal. Oct. 13, 2020)........................9

*In re NVIDIA GPU Litig.*,
   No. C 08-04312 JW, 2009 WL 4020104 (N.D. Cal. Nov. 19, 2009) ...........................15

*In re Samsung Galaxy Smartphone Mktg. & Sales Practices Litig.*,
   No. 16-cv-06391-BLF, 2018 WL 1576457 (N.D. Cal. Mar. 30, 2018) .........................11

*In re Toyota Motor Corp.*,
   785 F.Supp.2d 883 (C.D. Cal. 2011)........................................................17

UNITED INDUSTRIES CORP.'S MEMORANDUM OF P'S & A'S ISO MOTION TO DISMISS FAC

180484.1

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) ........................................................................ 10

*Keegan v. Am. Honda Motor Co., Inc.*,
  838 F. Supp. 2d 929 (C.D. Cal. 2012) ............................................................... 5

*Lacano Investments, LLC v. Balash*,
  765 F.3d 1068 (9th Cir. 2014) .......................................................................... 6

*Lucas v. City of Visalia*,
  726 F.Supp.2d 1149 (E.D. Cal. 2010) ............................................................. 12

*Murphy v. DirecTV, Inc.*,
  724 F.3d 1218 (9th Cir. 2013) .......................................................................... 6

*Obertman v. Electrolux Home Care Prod., Inc.*,
  No. 2:19-cv-02487-KJM-AC, 2020 WL 5107615 (E.D. Cal. Aug. 31, 2020) ......... 5

*Ortega v. Nat. Balance Inc.*,
  No. CV 13-05942 ABC(Ex), 2013 WL 6596792 (C.D. Cal. Dec. 16, 2013) .......... 17

*Philips v. Ford Motor Co.*,
  No. 14-CV-02989-LHK, 2015 WL 4111448 (N.D. Cal. July 7, 2015) .................. 8

*Philips v. Ford Motor Co.*,
  No. 14-CV-02989-LHK, 2016 WL 7428810 (N.D. Cal. Dec. 22, 2016),
  aff'd, 726 Fed.Appx. 608 (9th Cir. 2018) ......................................................... 9

*Pilgrim v. Gen. Motors Co.*,
  408 F. Supp. 3d 1160 (C.D. Cal. 2019) ............................................................. 7

*Reed v. Dynamic Pet Prod.*,
  No. 15-cv-0987-WQH-DHB, 2015 WL 4742202 (S.D. Cal. July 30, 2015) .......... 14

*Richan v. Fleetwood Motor Homes*,
  No. CV08-6790-SVW (VBKx), 2010 WL 11507998 (C.D. Cal. Oct. 26, 2010) ..... 15

*Sciacca v. Apple, Inc.*,
  362 F. Supp. 3d 787 (N.D. Cal. 2019) ................................................... 10, 11, 12

*Shamamyan v. FCA US LLC*,
  No. CV19-5422-DMG(FFMx), 2020 WL 3643481 (C.D. Cal. Apr. 1, 2020) .......... 5

*Silverman v. Wells Fargo & Co.*,
  No. 18-cv-03886-YGR, 2018 WL 6046209 (N.D. Cal. Nov. 19, 2018) ............... 16

*Smith v. Allmax Nutrition, Inc.*,
  No. 1:15-cv-00744-SAB, 2015 WL 9434768 (E.D. Cal. Dec. 24, 2015) ............. 16

*Snyder v. TAMKO Bldg. Prod., Inc.*,
  No. 1:15-CV-01892-TLN-KJN, 2019 WL 4747950 (E.D. Cal. Sept. 30, 2019) ..... 12

*Sonner v. Premier Nutrition Corp.*,
  971 F.3d 834 (9th Cir. 2020) ............................................................................ 7

UNITED INDUSTRIES CORP.'S MEMORANDUM OF P'S & A'S ISO MOTION TO DISMISS FAC

180484.1

*Sonneveldt v. Mazda Motor of Am., Inc.*,
   No. 8:19-cv-01298-JLS-KES, 2021 WL 62502 (C.D. Cal. Jan. 4, 2021) ................................ 8

*Steele v. Gen. Motors LLC*,
   No. CV17-04323-TJH(SKx), 2018 WL 6039838 (C.D. Cal. Aug. 8, 2018) .................. 14, 17

*Stewart v. Electrolux Home Prod., Inc.*,
   304 F. Supp. 3d 894 (E.D. Cal. 2018) ........................................................................... 5

*Sullivan v. Oracle Corp.*,
   51 Cal. 4th 1191 (2011) ............................................................................................... 15

*Swearingen v. Late July Snacks LLC*,
   No. 13-cv-04324-EMC, 2017 WL 1806483 (N.D. Cal. May 5, 2017) .................................. 17

*Teresa Adams v. Cole Haan, LLC*,
   No. Sacv20-913-JVS(DFMx), 2020 WL 5648605 (C.D. Cal. Sept. 3, 2020) ......................... 8

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ...................................................................................... 10

*Warren v. Fox Family Worldwide, Inc.*,
   328 F.3d 1136 (9th Cir. 2003) ....................................................................................... 3

*Webb v. Carter's, Inc.*,
   No. CV08-07367-GAF(MANx), 2009 WL 10670244 (C.D. Cal. June 23, 2009) .............. 16

*White v. Lee*,
   227 F.3d 1214 (9th Cir. 2000) ....................................................................................... 3

*Wilson v. Frito-Lay N. Am., Inc.*,
   961 F.Supp.2d 1134 (N.D. Cal. 2013) ......................................................................... 14

*Wilson v. Hewlett-Packard Co.*,
   668 F.3d 1136 (9th Cir. 2012) ....................................................................................... 9

*Wright v. Gen. Mills, Inc.*,
   2009 WL 3247148 (S.D. Cal. Sept. 30, 2009) ................................................................. 3

**Statutes**

Cal. Civ. Code § 1790 *et seq* ................................................................................................ 1

Cal. Bus. & Prof. Code § 17200, *et seq*. ............................................................................... 1

15 U.S.C. § 2301 *et seq* ......................................................................................................... 1

15 U.S.C. § 2310(d)(3)(C) ..................................................................................................... 7

Cal. Bus. & Prof. Code §§ 17600, et seq. ............................................................................ 10

Cal. Com. Code § 2314 ................................................................................................. passim

Cal. Civ. Code § 1792 .......................................................................................................... 14

180484.1

**Rules**

Fed. R. Civ. P. 12(b)(1)...........................................................................................................3, 7

Fed. R. Civ. P. 12(b)(6).............................................................................................................3

Fed. R. Civ. P. Rule 9(b)............................................................................................1, 10, 11, 12

**Other Authorities**

Restatement (Third) of Agency § 1.01 cmt. g (2006)..................................................................6

UNITED INDUSTRIES CORP.'S MEMORANDUM OF P'S & A'S ISO MOTION TO DISMISS FAC

180484.1

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.    INTRODUCTION

3        Plaintiff Mark Aguilar ("Plaintiff") seeks to bring a nationwide class action on behalf

4   of all purchasers of a Repel Insect Repellant Citronella Candle, alleging it purportedly

5   "explodes" when extinguished "in a way in which a reasonable consumer using a candle

6   would extinguish one"—though he does not allege what that way of extinguishing might be.

7        Plaintiff alleges claims against defendant United Industries Corporation ("UIC"), the

8   manufacturer of the citronella candle, for breach of implied warranty violating California's

9   Uniform Commercial Code (Cal. Com. Code § 2314) ("Section 2314"), the Song-Beverly

10  Consumer Warranty Act (Civil Code, § 1790 *et seq.*) (the "Song-Beverly Act"), and the

11  Magnuson-Moss Warranty Act (15 U.S.C. § 2301 *et seq.*) (the "MMWA"), as well as violations

12  of California's Unfair Competition Law (Business & Professions Code § 17200, *et seq.*) (the

13  "UCL"), and negligence. These claims should be dismissed as follows:

14       *First*, Plaintiff's first count, for breach of implied warranty, should be dismissed to the

15  extent it is premised upon violation of Section 2314 because Plaintiff does not adequately allege

16  the requisite privity between Plaintiff and UIC.

17       *Second*, Plaintiff's second count, for breach of implied warranty violating the MMWA,

18  should be dismissed because this court does not have jurisdiction over class claims for violation

19  of the MMWA with less than 100 named plaintiffs.

20       *Third*, Plaintiff's third count, for violation of the UCL, should be dismissed because he

21  does not allege damages are an inadequate remedy here, as required for equitable claims.

22       *Fourth*, Plaintiff's third count, for violation of the UCL's "unfair" prong, should be

23  dismissed for the additional reason that Plaintiff fails to adequately identify a defect consistent

24  with Rule 9(b), and he fails to adequately allege UIC's knowledge of any defect.

25       *Fifth*, all of Plaintiff's statutory claims should be dismissed to the extent they are alleged

26  on behalf of a nationwide class because the California statutes do not apply extraterritorially.

27       For these reasons, UIC respectfully requests that this Court grant its motion.

28  / / /

1    **II.      STATEMENT OF FACTS**

2          Plaintiff alleges he is a resident of Kern County, California, who purchased a Repel

3    Insect Repellant Citronella Candle (the "Citronella Candle") in in Bakersfield, California in

4    2020. Dkt. No. 6, First Amended Class Action Complaint (the "FAC"), ¶ 5. Plaintiff alleges the

5    Citronella Candle is "defectively manufactured" by UIC. *Id.*, ¶ 1.

6          Plaintiff further alleges that because of undefined "faulty safety features," the Citronella

7    Candle "can explode and cause injury when extinguished." *Id.,* ¶ 14. Plaintiff does not allege

8    how he extinguished his own Citronella Candle, but instead cryptically alleges that when

9    extinguishing it "in a way in which a reasonable consumer using a candle would extinguish

10   one," the Candle "exploded; causing Plaintiff to suffer burns all over his face as the hot wax and

11   chemicals sprayed all over him." *Id.*, ¶ 16. Plaintiff alleges he incurred "damages in the form of

12   medical bills." *Id.*, ¶ 17.

13         Plaintiff alleges that an unnamed "[t]hird party retailer[] … sold [the Citronella Candle]

14   to Plaintiffs [sic]… ." *Id.*, ¶ 20. Despite this, Plaintiff also alleges he "is in direct privity" with

15   UIC "since Defendant is the manufacturer of the Repel product." *Id.*, ¶ 19. Plaintiff further

16   alleges "[t]hird party retailers who sold defective products (the Repel candles) to Plaintiffs

17   [sic]… acted as the agents of Defendant," and Plaintiff "therefore" is in privity with UIC. *Id.*,

18   ¶ 20. Plaintiff additionally contends "privity is not required in this case because Plaintiff and the

19   Class are intended third party beneficiaries of the retailer relationship…between Defendants and

20   their third-party retailers; specifically, they are the intended beneficiaries of Defendant's implied

21   warranties." *Id.*, ¶ 21.

22         Plaintiff seeks to represent a class of "all others who purchased" the Citronella Candle,

23   who are "located throughout California and nationwide… ." *Id.*, ¶¶ 22, 24. He purports to allege

24   claim for breach of implied warranties violating Section 2314, the Song-Berverly Act, and the

25   MMWA, as well as violation of the "unlawful" and "unfair" prongs of the UCL, and negligence.

26   *Id.,* ¶¶ 25-61. Plaintiff seeks to recover, *inter alia*, damages, restitution, disgorgement, punitive

27   damages, and injunctive relief "on behalf of the general public." *Id.*, Prayer.

28   / / /

180484.1

III.    **LEGAL STANDARDS**

A.    **Standard for Motion to Dismiss Pursuant to Rule 12(b)(1).**

Dismissal is appropriate pursuant to Federal Rule of Civil Procedure 12(b)(1) when a district court lacks subject matter jurisdiction over a claim. Fed. R. Civ. P. 12(b)(1). "When a defendant moves to dismiss a complaint or claim for lack of subject-matter jurisdiction, the plaintiff bears the burden of proving that the court has jurisdiction to decide the claim." *Davis v. Loo*, No. 20-cv-01096-DAD-JLT, 2020 WL 6582419, at *2 (E.D. Cal. Nov. 10, 2020) (D. Drozd) (quoting *Cannon v. Harco Nat'l Ins. Co.*, No. 09-cv-00026-MMA-JMA, 2009 WL 10725673, at *2 (S.D. Cal. July 16, 2009) (citing *Thornhill Publ'n Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)). "A motion to dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) 'may be facial or factual. In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction.'" *Davis v. Loo*, 2020 WL 6582419, at *2 (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). "'The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): [a]ccepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction.'" *Davis v. Loo*, 2020 WL 6582419, at *2 (quoting *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014)). "As is true in evaluating a Rule 12(b)(6) motion, the court need not assume the truth of legal conclusions cast in the form of factual allegations." *Davis v. Loo*, 2020 WL 6582419, at *2 (citing *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003)).

B.    **Standard for Motion to Dismiss Pursuant to Rule 12(b)(6).**

A complaint may be dismissed pursuant to Rule 12(b)(6) if the plaintiff fails to allege sufficient facts to state a cognizable legal claim. Fed. R. Civ. P. 12(b)(6). "[F]or a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Wright v. Gen. Mills, Inc.*, 2009 WL 3247148, at *5 (S.D. Cal. Sept. 30, 2009) (citing *Ashcroft v. Iqbal,*

1   556 U.S. 662, 665, 129 S.Ct. 1937, 1949-50 (2009); *see also Bell Atlantic Corp. v. Twombly*,

2   550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). Where a complaint is "based on little more than

3   conclusory and speculative factual content," dismissal is appropriate. *Id.* "Determining whether

4   a complaint states a plausible claim…require[es] the reviewing court to draw on its experience

5   and common sense." *Ashcroft*, *supra*, 556 U.S. at 679.

6   **IV.    ARGUMENT**

7       **A.    Count I for Breach of Implied Warranty Must Be Dismissed for Lack of**

8           **Privity to the Extent It is Premised Upon Violation of Section 2314.**

9         Plaintiffs' first count for breach of implied warranty must be dismissed to the extent it is

10   premised upon a violation of Section 2314 because Section 2314 requires privity between the

11   parties. *See Clemens v. DaimlerChrysler Corp*., 534 F.3d 1017, 1023 (9th Cir. 2008) ("Under

12   California Commercial Code section 2314…a plaintiff asserting breach of warranty claims must

13   stand in vertical contractual privity with the defendant."); *see also* Cal. Com. Code § 2314 (1)

14   ("a warranty that the goods shall be merchantable is implied in a contract for their sale if the

15   seller is a merchant with respect to goods of that kind").

16         Here, Plaintiff alleges UIC is the manufacturer of the Citronella Candle, and that he

17   purchased the Citronella Candle from an unnamed third-party retailer. Dkt. No. 6, FAC, ¶¶ 19,

18   20. Plaintiff's bald allegation that he "is in direct privity" with UIC (*id*, ¶ 19) thus is belied by

19   his own factual allegations. *Clemens*, *supra*, 534 F.3d at 1023 ("an end consumer such as

20   [plaintiff] who buys from a retailer is not in privity with a manufacturer").

21         Plaintiff attempts to sidestep Section 2314's privity requirement by alleging unnamed

22   third-party retailers are UIC's "agents" and that he is the "intended third party beneficiar[y] of

23   the retailer relationship (ie. [sic] the candles) between Defendants and their third-party

24   retailers… ." Dkt. No. 6, FAC, ¶ 21. Without alleging the existence of any contract or

25   agreement, Plaintiff further alleges that "the warranty agreements were designed for and

26   intended to benefit the ultimate consumers only." *Id.*

27         While a split exists among district courts within the Ninth Circuit regarding whether an

28   exception to the rule of privity exists for consumers who are the intended third-party

1    beneficiaries of manufacturers' authorized dealers, this Court has "decline[d] to find a new

2    exception to the vertical privity requirement that California courts have not declared." *See*

3    *Obertman v. Electrolux Home Care Prod., Inc*., No. 2:19-cv-02487-KJM-AC, 2020 WL

4    5107615, at *8 (E.D. Cal. Aug. 31, 2020) (declining to find a new exception to the vertical

5    privity requirement and therefore dismissing breach of warranty claim without leave to amend);

6    *see also Clemens*, *supra*, 534 F.3d at 1024 ("California courts have painstakingly established the

7    scope of the privity requirement under California Commercial Code section 2314, and a federal

8    court sitting in diversity is not free to create new exceptions to it."); *Stewart v. Electrolux Home*

9    *Prod., Inc*., 304 F. Supp. 3d 894, 915 (E.D. Cal. 2018) ("[T]here is no published California

10   authority recognizing this [third party beneficiary] exception to privity in the consumer warranty

11   context.").

12       Moreover, "even courts that apply the third-party beneficiary exception in the implied

13   warranty context require that a plaintiff plead more than the legal conclusion that they purchased

14   a [product] from a manufacturer's 'authorized agent' to establish third-party beneficiary status."

15   *Shamamyan v. FCA US LLC*, No. CV19-5422-DMG(FFMx), 2020 WL 3643481, at *6 (C.D.

16   Cal. Apr. 1, 2020) (declining to reach the issue of whether a third-party beneficiary exception

17   exists, where "Plaintiff's claim that he is a third-party beneficiary of an implied warranty made

18   by Defendant is unsupported by factual allegations concerning the relationship between

19   defendant[ ] and the dealers.") (internal quotation marks and citation omitted).

20       Here, Plaintiff's bald allegations that unnamed third-party retailers are UIC's "agents"

21   and that Plaintiff is the third-party beneficiary of some unalleged "warranty agreement"

22   between those unnamed retailers and UIC are insufficient to allege Plaintiff is a third-party

23   beneficiary of any such agreement. *See Keegan v. Am. Honda Motor C*o*., Inc.*, 838 F. Supp. 2d

24   929, 953 (C.D. Cal. 2012) (dismissing warranty claims for lack of privity, and holding

25   allegation that plaintiff purchased from the manufacturer's "authorized agents" was "essentially

26   a legal conclusion framed as a factual allegation, unsupported by factual allegations concerning

27   the relationship between defendants and the dealers"); *Green v. Canidae Corp*., No. CV09-

28   0486-GAF(PLAx), 2009 WL 9421226, at *5 (C.D. Cal. June 9, 2009) ("The Court rejects

UNITED INDUSTRIES CORP.'S MEMORANDUM OF P'S & A'S ISO MOTION TO DISMISS FAC

1    Plaintiffs' argument that they are a third party beneficiary of the contract made between

2    [product marketer and seller] and [manufacturer], which again is a legal conclusion without any

3    factual support.  Moreover, the argument proves too much and would make every consumer a

4    third-party beneficiary of every contract between a seller and its vendors.") (dismissing implied

5    warranty claim); *see also Lacano Investments, LLC v. Balash*, 765 F.3d 1068, 1071 (9th Cir.

6    2014) ("While we do accept all of the *factual* allegations in the complaint as true,…we do not

7    accept *legal conclusions* in the complaint as true, even if 'cast in the form of factual

8    allegations.'") (citation omitted).

9            Nor, of course, do these "agency" allegations make any legal or logical sense. Plaintiff

10   alleges the Citronella Candle is sold at "Walmart, Target, Home Depot, and numerous other

11   retailers nationwide." Dkt. No. 6, FAC, ¶ 12. But "[g]enerally, retailers are not considered the

12   agents of the manufacturers whose products they sell." *Murphy v. DirecTV, Inc*., 724 F.3d 1218,

13   1232 (9th Cir. 2013) (citing Restatement (Third) of Agency § 1.01 cmt. g (2006)). "Agency

14   requires that the principal maintain control over the agent's actions." *Murphy*, *supra*, 724 F.3d

15   at 1232 (citing *DeSuza v. Andersack*, 63 Cal.App.3d 694 (1976) ("The right of the alleged

16   principal to control the behavior of the alleged agent is an essential element which must be

17   factually present in order to establish the existence of agency… .")). "One who receives goods

18   from another for resale to a third person is not thereby the other's agent in the transaction:

19   whether he is an agent…depends upon whether the parties agree that his duty is to act primarily

20   for the benefit of the one delivering the goods to him or is to act primarily for his own benefit."

21   *Murphy*, *supra*, 724 F.3d at 1232-33 (internal quotation marks and citation omitted)). No doubt

22   it would come as a great surprise to Walmart and Target (and their shareholders) that, in selling

23   the Citronella Candle, UIC has a right to "control" them and their "duty is to act primarily for

24   the benefit" of UIC. *See id.* (rejecting argument that Best Buy was agent of DirecTV).

25           In sum, Count I must be dismissed to the extent it is premised upon violation of Section

26   2314 because Plaintiff does not plausibly allege privity with UIC.

27   / / /

28   / / /

180484.1

**B.    Plaintiff's Claim for Violation of the MMWA Should Be Dismissed for Lack of Subject Matter Jurisdiction.**

Plaintiff's second count for breach of implied warranty premised upon violation of the MMWA must be dismissed because this Court does not have jurisdiction over Plaintiff's putative class action claim. *See* Fed. R. Civ. P. 12(b)(1). Consumers may allege claims for violation of the MMWA in state court or federal court; however, a federal court's jurisdiction is limited: a federal court cannot hear MMWA claims brought on behalf of a class if "the number of named plaintiffs is less than one hundred." 15 U.S.C. § 2310(d)(3)(C).

Here, Plaintiff purports to bring his MMWA claim on behalf of a class, but he is the only named plaintiff; thus, this Court lacks jurisdiction, and his claim must be dismissed. *See, e.g.*, *Drake v. Toyota Motor Corp*., No. 2:20-cv-01421-SB-PLA, 2020 WL 7040125, at *9 (C.D. Cal. Nov. 23, 2020) ("Here, there are only two named plaintiffs in this class action and so there is no cognizable MMWA claim."); *Pilgrim v. Gen. Motors Co*., 408 F. Supp. 3d 1160, 1169 (C.D. Cal. 2019) ("In this case, there are only fifty-seven named Plaintiffs, which is far less than the number required to allege a cognizable MMWA class action claim. Because Plaintiffs have failed to comply with the requirements of the MMWA, the Court must dismiss Plaintiffs' MMWA claim."); *Banh v. Am. Honda Motor Co., Inc*., No. 2:19-cv-05984-RGK-AS, 2019 WL 8683361, at *3 (C.D. Cal. Dec. 17, 2019) (dismissing MMWA claim for lack of subject matter jurisdiction where "the Complaint here lists less than 100 named plaintiffs") (collecting cases).

**C.    Plaintiff's Claim for Violation of the UCL Must Be Dismissed for Failure to Plead an Inadequate Remedy at Law.**

Plaintiff's claim for violation of the UCL, seeking the equitable remedies of restitution and injunctive relief, must be dismissed because equitable relief is permitted only where a plaintiff pleads an inadequate remedy at law. As the Ninth Circuit recently affirmed: "the traditional principles governing equitable remedies in federal courts, including the requisite inadequacy of legal remedies, apply when a party requests restitution under the UCL… ." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). *Sonner's* holding is not limited to claims for restitution—i.e., no "exception" exists for "injunctions as opposed to other

1   forms of equitable relief." *Teresa Adams v. Cole Haan, LLC*, No. Sacv20-913-JVS(DFMx),

2   2020 WL 5648605, at *2 (C.D. Cal. Sept. 3, 2020). Where, as here, a plaintiff seeks restitution

3   and injunctive relief, "[t]he clear rule in *Sonner* that plaintiffs must plead the inadequacy of

4   legal remedies before requesting equitable relief therefore applies." *Id.*

5          Here, Plaintiff does not allege the damages he seeks are an inadequate legal remedy, and

6   therefore his UCL claim must be dismissed.  *See, e.g.*, *Sonneveldt v. Mazda Motor of Am., Inc*.,

7   No. 8:19-cv-01298-JLS-KES, 2021 WL 62502, at *17 (C.D. Cal. Jan. 4, 2021) ("[B]ecause

8   Plaintiffs have not pointed the Court to any factual allegations demonstrating the inadequacy of

9   legal remedies, they have failed to demonstrate statutory standing for equitable relief under the

10  UCL… .") (dismissing claim for injunctive relief); *Durkee v. Ford Motor Co*., No. C 14-0617

11  PJH, 2014 WL 4352184, at *3 (N.D. Cal. Sept. 2, 2014) ("Because the UCL provides for only

12  equitable remedies, and plaintiffs have an adequate remedy at law for the alleged Song-Beverly

13  Act violation, plaintiff's UCL claim must be dismissed."); *Philips v. Ford Motor Co*., No. 14-

14  CV-02989-LHK, 2015 WL 4111448, at *16-17 (N.D. Cal. July 7, 2015) ("Although California

15  Plaintiffs 'must establish that there is no adequate remedy at law available,' the SAC contains no

16  allegation of inadequacy.") (dismissing UCL claim for restitution and injunctive relief) (internal

17  citation omitted).

18         Further, no reason exists that damages would not remedy the alleged injuries for which

19  Plaintiff seeks restitution and injunctive relief in this product defect case. Any past alleged harm

20  caused by the alleged defect would be remedied by money damages. And, Plaintiff's allegation

21  regarding potential future harm makes no sense: "Plaintiff, an avid camper, is likely to purchase

22  another Repel Insect Repellant Citronella Candle in the future, and thus, is likely to be similarly

23  misled by Defendant's claims" (Dkt. No. 6, FAC, ¶ 18)—but Plaintiff does not allege any

24  "claims" by UIC, so these allegations (more suitable to a false advertising suit) do not plausibly

25  allege any future harm. *See Ashcroft*, *supra*, 556 U.S. at 679 (plaintiff must "plausibly" allege

26  his "entitlement to relief"). Nor does Plaintiff allege that he would extinguish the Citronella

27  Candle by the same method again now that he knows it would purportedly "explode" (nor could

28  he plausibly include such outlandish allegations).

1        Moreover, while Plaintiff seeks "injunctive relief requiring Defendants to recall and

2  replace or repair the defective Class Products, and prohibit sales of the defective Class Products

3  currently on shelves" (Dkt. No. 6, FAC, 14:16-19), "[c]ourts generally hold that monetary

4  damages are an adequate remedy for claims based on an alleged product defect, and reject the

5  argument that injunctive relief requiring repair or replacement is appropriate."[1] *In re MacBook*

6  *Keyboard Litig*., No. 5:18-cv-02813-EJD, 2020 WL 6047253, at *3 (N.D. Cal. Oct. 13, 2020)

7  (dismissing equitable claims under the UCL for failure to allege an inadequate legal remedy)

8  (citing *Philips v. Ford Motor Co*., No. 14-CV-02989-LHK, 2016 WL 7428810, at *24-25 (N.D.

9  Cal. Dec. 22, 2016), aff'd, 726 Fed.Appx. 608 (9th Cir. 2018) ("Plaintiffs point to no caselaw,

10  and the Court is aware of none, granting an injunction for a recall under similar circumstances.

11  …[T]he ordinary and more appropriate relief for Plaintiffs' Song-Beverly Act claim is monetary

12  damages, not a mandatory injunction requiring [defendant] to uniformly repair and/or replace")

13  (internal quotation marks and citations omitted)). And, Plaintiff has alleged no facts indicating

14  that whatever "manufacturing defect" he experienced was anything more than a one-off (or his

15  own misuse). *See Dilley v. C.R. Bard, Inc*., No. 2:14-cv-01795-ODW(ASx), 2014 WL 1338877,

16  at *3 (C.D. Cal. Apr. 3, 2014) ("A manufacturing defect arises when a product emerges from the

17  manufacturer's assembly line different 'from the manufacturer's intended result or from other

18  ostensibly identical units of the same product line.'") (quoting *Barker v. Lull Eng'g Co*., 20

19  Cal.3d 413, 429 (1978)). Accordingly, he fails to allege damages are an inadequate remedy, or

20  that an injunction for class-wide recall and repair would be available relief, for the defect alleged

21  here.

22        In sum, because the UCL provides for only equitable remedies, and Plaintiff has not pled

23  damages are an inadequate remedy, his claim for violation of the UCL must be dismissed.

24  / / /

25

26

27  [1]  Because Plaintiff alleges the Citronella Candle is sold to consumers by third-party retailers (i.e., not by UIC) (Dkt. No. 6, FAC, ¶¶ 12, 20), his request for an injunction to "prohibit sales of the defective Class Products currently on shelves" is redundant of his request for an injunction

28  "requiring Defendants to recall [the Citronella Candle]…" (*id*., 14:16-19).

180484.1

1    **D.**      **Plaintiff's Claim for Violation of the UCL's "Unfair" Prong Should Be**

2             **Dismissed Because He Fails to Adequately Allege a Defect or UIC's**

3             **Knowledge of a Defect.**

4         Plaintiff's claim for violation of the UCL's unfair prong fails for the additional and

5    independent reason that he fails to adequately identify any product defect and fails to adequately

6    allege UIC's purported knowledge of such a defect.

7              1.      Plaintiff Fails to Adequately Identify the Alleged Defect.

8         Claims sounding in fraud are subject to the heightened pleading requirements of Rule

9    9(b). *Bly-Magee v. Cal.*, 236 F.3d 1014, 1018 (9th Cir. 2001). To meet the heightened pleading

10   standard, allegations must be particular enough to allege the "who, what, when, where, and

11   how" of the fraud. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation

12   omitted). Rule 9(b)'s heightened pleading standard applies to claims for violations of the UCL

13   where they sound in fraud. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).

14        Here, Plaintiff alleges UIC's conduct was "unfair" because: "it is an unfair business act

15   or practice for Defendant to ***knowingly*** or negligently ***fail to adequately disclose the dangers***

16   ***of its product*** and appropriate warnings to its consumers, and to leave defective products on

17   the shelves for unsuspecting consumers to purchase, as set forth by Cal. Bus. & Prof. Code §§

18   17600, et seq."[2] Dkt. No. 6, FAC, ¶ 48 (emphasis added). The allegation that UIC knowingly

19   failed to disclose a defect sounds in fraud, and therefore is subject to Rule 9(b)'s pleading

20   requirements. *See Sciacca v. Apple, Inc.*, 362 F. Supp. 3d 787, 796-97 (N.D. Cal. 2019)

21   ("Plaintiff's UCL…claim[] allege[s] that Apple '***knowingly*** and intentionally concealed

22   material fact' by '***failing to disclose the Defect*** present in the Watches… . Thus, Plaintiff's

23   UCL…claim[] [is] grounded in Apple's allegedly fraudulent conduct in concealing material

24   facts regarding the alleged defect, and Rule 9(b)'s heightened pleading standard applies.")

25   (emphasis added).

26        Here, Plaintiff fails to meet Rule 9(b)'s heightened pleading standard because he does

27   _____

28   [2]  Section 17600 is a statute governing autorenewals not at issue here.

180484.1

1   not identify the purported defect with particularity. Indeed, Plaintiff's allegations are utterly

2   cryptic regarding what the Citronella Candle's "defect" might be:

3   • The Citronella Candle is "defectively manufactured, and the resulting defects

4     cause the candles to explode" (Dkt. No. 6, FAC, ¶ 1);

5   • The Citronella Candle "cannot be operated in the method which a reasonable

6     consumer would expect a candle to operate" (*id.*, ¶ 1);

7   • "Because of the faulty safety features, consumers who have purchased the Class

8     Products are in possession of a very dangerous candle that can explode and

9     cause injury when extinguished" (*id.*, ¶ 14);

10  • "When ultimately extinguishing the Class Product, in a way in which a

11    reasonable consumer using a candle would extinguish one, plaintiff's candle

12    exploded"

13    (*id.*, ¶ 16);

14  • "[T]he citronella candles are inherently defective in their manufacturing, in that

15    they are highly flammable, which when extinguished can result in burning the

16    consumer" (*id.*, ¶ 27); and,

17  • "[T]he Class Products are not safe to extinguish as a normal candle would be

18    extinguished" (*id.*, ¶ 37).

19      It is insufficient under Rule 9(b) to allege the consequence of the alleged defect

20  (explosion upon extinguishment), but not the cause. "Under Ninth Circuit law, Plaintiff must

21  specify what causes the [product] to [fail]." *Sciacca*, *supra*, 362 F. Supp. 3d at 798 (citing

22  *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1144 (9th Cir. 2012) ("As Plaintiffs do not

23  plead any facts indicating how the alleged design defect, i.e., the loss of the connection between

24  the power jack and the motherboard, causes the Laptops to burst into flames, the District Court

25  did not err in finding that Plaintiffs failed to plausibly allege the existence of an unreasonable

26  safety defect.") (affirming dismissal of UCL claim)); *see also In re Samsung Galaxy*

27  *Smartphone Mktg. & Sales Practices Litig.*, No. 16-cv-06391-BLF, 2018 WL 1576457, at *1

28  and *3 (N.D. Cal. Mar. 30, 2018) ("Plaintiffs have not identified any particular defect in their

11

180484.1

1  phones" where, plaintiffs alleged their "phones 'pose a risk of overheating, fire and explosion,'"

2  and "each model of phone at issue 'is unsafe for its intended use by reason of defects in its

3  design, engineering, development, manufacturing, testing, production, and/or

4  assembly[,]'…[s]uch vague, conclusory pleading leaves unclear whether…all of the overheating

5  incidents were due to a common defect, or some independent cause specific to the phone at

6  issue. …Plaintiffs must provide a more precise description of each phone and the component or

7  setup that causes thermal runaway events in order to satisfy their burden at the pleading stage.")

8  (dismissing UCL claim); *see also Lucas v. City of Visalia*, 726 F.Supp.2d 1149, 1155 (E.D. Cal.

9  2010) ("If [plaintiff] intends to allege a manufacturing defect, he must *identify/explain* how the

10  [product] either deviated from [the manufacturer's] intended result/design or *how* the [product]

11  deviated from other seemingly identical [product] models.").

12      Because Plaintiff premises the alleged "unfair" prong violation on a "failure to disclose"

13  the "dangers" of the Citronella Candle, Plaintiff is required to allege what the alleged danger

14  is—i.e., what method of extinguishing it purportedly causes an "explosion." Where, as here, "all

15  the amended complaint discloses is that the alleged defect 'could have been the result of various

16  possible causes, including consumer misuse,'" the allegations of "an alleged defect…cannot

17  meet Rule 9(b)'s heightened pleading standard." *Sciacca*, *supra*, 362 F. Supp. 3d at 797-798.

18          2.     Plaintiff Fails to Adequately Allege UIC's Knowledge of Any Defect.

19      When a UCL claim is premised upon the alleged failure to disclose a known defect, the

20  alleged failure to disclose "'must be contrary to a representation actually made by the defendant,

21  or an omission of a fact the defendant was obliged to disclose.'" *Sciacca*, *supra*, 362 F. Supp. 3d

22  at 799 (citation omitted). "[T]he failure to disclose a fact that a manufacturer does not have a

23  duty to disclose, i.e., a defect of which it is not aware, does not constitute an unfair…practice."

24  *Wilson*, *supra*, 668 F.3d at 1145 n.5. And, "merely conclusory" allegations that a defendant had

25  knowledge of a defect will not suffice. *Id*. at 1147; *see also Snyder v. TAMKO Bldg. Prod., Inc.*,

26  No. 1:15-CV-01892-TLN-KJN, 2019 WL 4747950, at *10 (E.D. Cal. Sept. 30, 2019) ("An

27  allegation is deficient if the plaintiff makes only conclusory allegations the defendant had access

28  to defect information or was in a superior position to know of a product defect.").

1    Here, Plaintiff conclusorily alleges, "Defendant knew, reasonably should have known,

2  or were [sic] reckless in not knowing of the defective class products and their inability to

3  perform as warranted…." Dkt. No. 6, FAC, ¶ 39. Plaintiff does not allege how UIC purportedly

4  knew about any defect. Plaintiff's allegations thus are insufficient. *See Wilson*, *supra*, 668 F.3d

5  at 1146 (allegations of customer complaints, "access to the aggregate information and data

6  regarding the risk of overheating," and another lawsuit involving the same alleged defect were

7  insufficient to allege defendant's knowledge of the alleged defect); *Snyder*, *supra*, 2019 WL

8  4747950, at *11 (even where plaintiff alleged "Defendant had actual knowledge because

9  Defendant 'was in a position of superiority to the Plaintiffs and the Class members,'" and knew

10  of warranty claim submissions and consumer complaints, the court held "[t]hese allegations are

11  the type of conclusory allegations that that [sic] are not sufficient to support the conclusion that

12  Defendant obtained actual knowledge of the specific defect… .").

13    In short, Plaintiff's conclusory allegations that UIC "knew" of a product defect are

14  unsupported by any factual allegations, and thus are insufficient to permit Plaintiff to state a

15  claim for violation of the "unfair" prong of the UCL.

16    **E.    Plaintiff's Statutory Claims Must Be Dismissed to the Extent They Are**

17    **Alleged on Behalf of a Nationwide Class Because Plaintiff Fails to Allege**

18    **Any Basis for Extraterritorial Application of California Statutes.**

19    While Plaintiff alleges his negligence claim on behalf of a "California Class under the

20  laws of the all the state of California [sic]," Plaintiff apparently seeks to represent a

21  "nationwide" class with respect to his remaining claims, all of which arise under California

22  statutes.[3] Accordingly (to the extent they remain despite UIC's arguments, *supra*), Plaintiff's

23  Counts I (breach of implied warranty arising under Section 2314 and the Song-Berverly Act),

24  Count II (breach of implied warranty arising under the MMWA), and Count III (violation of the

25  UCL) should be dismissed to the extent they are alleged on behalf of a nationwide class because

26  

27  ―――――――――――――――――

[3]  Plaintiff alleges a putative class of "all others who purchased the [Citronella Candle]" without
28  geographical limitation, and elsewhere in the FAC makes reference to putative class members
    "located throughout California and nationwide… ." Dkt. No. 6, FAC, ¶¶ 22, 24(a).

180484.1

1   the FAC includes no allegations justifying the extraterritorial application of California statutes

2   here.[4]

3          As an initial matter, the determination of extraterritorial application of California

4   statutes to a nationwide class is appropriate for disposition at the pleading stage. *See*, *e.g.*, *Reed*

5   *v. Dynamic Pet Prod.*, No. 15-cv-0987-WQH-DHB, 2015 WL 4742202, at *10 n.2 (S.D. Cal.

6   July 30, 2015) ("[D]elaying resolution of this issue to the class certification stage[] is not

7   required… . Because Plaintiff fails to plausibly allege that California law can be applied to the

8   claims of non-California plaintiffs, and neither party advocates for application of an alternative

9   state's laws, the Court is left with no laws to choose from at this stage in the proceedings.

10  Dismissal is therefore appropriate."); *Figy v. Frito–Lay N. Am., Inc*., 67 F.Supp.3d 1075, 1086–

11  87 (N.D. Cal. 2014) (rejecting argument that viability of nationwide class allegations should be

12  deferred to certification, noting plaintiffs "mistakenly conflate" the question of extraterritorial

13  application of a California statute with the "choice of law inquiry often required at the class

14  certification stage"); *Wilson v. Frito-Lay N. Am., Inc*., 961 F.Supp.2d 1134, 1148 (N.D. Cal.

15  2013) (rejecting deferral of determination of extraterritorial application of statutes until

16  certification because "at this point, those claims fail as a matter of law because nothing in

17  Plaintiffs' complaint alleges that any of the out-of-state purchases were directed from California

18  or had anything to do with California. Plaintiffs' allegations on these points amount to nothing

19  more than conclusions of law without any supporting facts. …[T]here is no plausible way for a

20  non-California citizen who purchased Defendant's Products outside California to bring these

21  claims.").

22         By its terms, the Song-Beverly Act requires that implied warranty claims be premised

23  upon sales in California. Cal. Civ. Code § 1792 (implied warranty accompanies sales "of

24

25  [4]  Because Plaintiff's claim for violation of the MMWA is derivative of his California statutory
26  breach of warranty claim, it likewise cannot be asserted on behalf of a nationwide class. *See*
    *Steele v. Gen. Motors LLC*, No. CV17-04323-TJH(SKx), 2018 WL 6039838, at *4 (C.D. Cal.
27  Aug. 8, 2018) ("The [MMWA] claim is predicated on the Song-Beverly claim, which applies
    exclusively to goods sold in California. …Accordingly, the [MMWA]claim may include only
28  California members. Thus, the [MMWA] nationwide class allegations must be stricken… .").

1   consumer goods that are sold at retail *in this state*") (emphasis added); *Richan v. Fleetwood*

2   *Motor Homes*, No. CV08-6790-SVW (VBKx), 2010 WL 11507998, at *6 (C.D. Cal. Oct. 26,

3   2010) ("Song-Beverly explicitly requires that a 'sale' occur in California for the implied

4   warranties provided under the Act to arise."). Accordingly, Plaintiff's claim for violation of the

5   Song-Beverly Act must be dismissed to the extent he purports to state a claim on behalf of

6   purchasers in states other than California. *See In re NVIDIA GPU Litig*., No. C 08-04312 JW,

7   2009 WL 4020104, at *5 (N.D. Cal. Nov. 19, 2009) ("Plaintiffs allege their Song-Beverly

8   Claim 'on Behalf of All Class Members Who Purchased a Class Computer.' …Since Plaintiffs

9   do not restrict their Song-Beverly claim to Class Members who purchased the defective

10  products in the state of California, the claim fails.").

11      While Plaintiff's remaining statutory claims are not expressly restricted to California

12  purchasers, California's statutes have a strong "presumption against extraterritorial application."

13  *Sullivan v. Oracle Corp*., 51 Cal. 4th 1191, 1207 (2011). It is well-established that the

14  presumption against extraterritorial application applies to the remaining statutes at issue here.

15  *Id*. ("Neither the language of the UCL nor its legislative history provides any basis for

16  concluding the Legislature intended the UCL to operate extraterritorially. Accordingly, the

17  presumption against extraterritoriality applies to the UCL in full force."); *Reed*, *supra*, 2015 WL

18  4742202, at *9 ("the presumption against extraterritorial application of California statutes"

19  applies "to Plaintiff's…[Commercial Code] Section 2314 claim[] in addition to Plaintiff's UCL

20  claim").

21       To overcome the presumption against extraterritorial application of a California statute,

22  a plaintiff must include factual allegations that non-California residents were somehow injured

23  in California, or the unlawful conduct giving rise to the non-residents' claims occurred in

24  California. *See Sullivan*, *supra*, 51 Cal. 4th at 1208 n. 10 (distinguishing prior cases permitting

25  nationwide classes of plaintiffs to sue under California law on the ground that "the unlawful

26  conduct that formed the basis of the out-of-state plaintiffs' claims...occurred in California"); *see*

27  *also Norwest Mortg., Inc. v Sup. Ct*., 72 Cal. App. 4th 214, 225 (1999) (the UCL cannot provide

28  recovery for "injuries suffered by non-California residents, caused by conduct occurring outside

15

UNITED INDUSTRIES CORP.'S MEMORANDUM OF P'S & A'S ISO MOTION TO DISMISS FAC

1    of California's borders, by defendants whose headquarters and principal places of operations are

2    outside of California").

3         Here, Plaintiff alleges UIC is a Delaware corporation that "conducted business" and

4    "marketed and sold its products" in California. Dkt. No. 6, FAC, ¶ 6. Such allegations are

5    insufficient to overcome the presumption against extraterritorial application of California

6    statutes. *See Wilson*, *supra*, 961 F. Supp. 2d at 1148 (dismissing with prejudice Plaintiffs'

7    claims on behalf of a putative nationwide class where they "fail as a matter of law because

8    nothing in Plaintiffs' complaint alleges that any of the out-of-state purchases were directed from

9    California or had anything to do with California.  …Plaintiffs have failed to give a plausible

10   account of how or why a non-California plaintiff could sue…a Texan company ***that, at most,***

11   ***advertises and sells its products in California***.") (emphasis added); *see also Silverman v. Wells*

12   *Fargo & Co*., No. 18-cv-03886-YGR, 2018 WL 6046209, at *4 (N.D. Cal. Nov. 19, 2018)

13   ("Plaintiffs' allegation that Wells Fargo '***engage[s] in substantial sales and marketing*** of

14   their…products and services in the State of California'…does not connect any of the particular

15   wrongdoing described in the complaint to the State of California.") (emphasis added)

16   (dismissing non-residents' UCL claim); *Webb v. Carter's, Inc.*, No. CV08-07367-GAF(MANx),

17   2009 WL 10670244, at *5 (C.D. Cal. June 23, 2009), on reconsideration, 2010 WL 11507254

18   (C.D. Cal. Apr. 1, 2010) (dismissing non-residents' Section 2314 and UCL claims, where

19   plaintiff alleged defendant was "incorporated under the laws of Delaware, and its principal

20   place of business and executive offices are located in Atlanta, Georgia," reasoning,

21   "[defendant's] presence in California, though perhaps sufficient to support the exercise of

22   specific personal jurisdiction over [defendant]…, is insufficient to permit nonresident plaintiffs

23   to sue for conduct occurring outside the state.").

24         Under these circumstances, Plaintiff's statutory claims should be dismissed to the extent

25   they are alleged on behalf of a nationwide class. *See Smith v. Allmax Nutrition, Inc*., No. 1:15-

26   cv-00744-SAB, 2015 WL 9434768, at *10 (E.D. Cal. Dec. 24, 2015) ("Plaintiff's complaint is

27   devoid of any factual allegations from which the Court could plausibly find that California

28   contract law would apply to any individual who purchased the Product outside of California.")

1  (dismissing nationwide class claims for breach of warranty); *Swearingen v. Late July Snacks*

2  *LLC*, No. 13-cv-04324-EMC, 2017 WL 1806483, at *9 (N.D. Cal. May 5, 2017) ("Here,

3  because Plaintiffs have made no allegations that they purchased products outside of California,

4  and no allegations supporting a nexus between California law and any out of state purchases,

5  and in light of the presumption against extraterritorial application of the California laws at issue,

6  the Court will **DISMISS** their [nationwide] class allegations…."); *Ortega v. Nat. Balance Inc*.,

7  No. CV 13-05942 ABC(Ex), 2013 WL 6596792, at *5 (C.D. Cal. Dec. 16, 2013) ("Although

8  Plaintiffs seek to represent a nationwide class, they have not alleged or explained how any of

9  the wrongful conduct alleged herein that occurred in California could have harmed non-

10  residents of California such that those non-residents could invoke these statutes. Indeed, the

11  Defendants are all Delaware corporations with their principal places of business in Utah.")

12  (dismissing claims on behalf of non-California putative class members with prejudice).

13         In sum, Plaintiff's claims for violation of the UCL, Section 2314, and the Song-Beverly

14  Act must be dismissed to the extent they are alleged on behalf of a nationwide class; and, as

15  noted above, the MMWA nationwide class allegations fail concomitantly. *See Steele*, *supra*,

16  2018 WL 6039838, at *4 (striking MMWA nationwide class allegations, where predicate

17  California statute did not have extraterritorial application); *see also In re Toyota Motor Corp*.,

18  785 F.Supp.2d 883, 915 (C.D. Cal. 2011) (where "the MMA does not contain explicit language

19  regarding its extraterritorial application…the Court concludes that the MMA does not apply

20  extraterritorially").

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

UNITED INDUSTRIES CORP.'S MEMORANDUM OF P'S & A'S ISO MOTION TO DISMISS FAC

180484.1

1  **V.      CONCLUSION**

2          For the foregoing reasons, UIC respectfully requests that this Court: (1) dismiss Count I

3  to the extent it is premised upon Section 2314 for failure to adequately allege privity; (2) dismiss

4  Count II for lack of jurisdiction; (3) dismiss Count III for failure to allege an inadequate remedy

5  at law; (4) dismiss Count III for the additional reason that Plaintiff fails to adequately allege a

6  defect or UIC's knowledge of a defect in violation of the "unfair" prong; and (5) dismiss Counts

7  I, II, and III to the extent they are alleged on behalf of a nationwide class because the statutes

8  alleged to have been violated do not have extraterritorial application.

9

10                                              Respectfully submitted,

11

12  Dated:  February 10, 2021                   WILLENKEN LLP

13
                                               By:   */s/ Eileen M. Ahern*
14                                                 Eileen M. Ahern
                                                   Attorneys for Defendant
15                                                 UNITED INDUSTRIES CORPORATION

16

17

18

19

20

21

22

23

24

25

26

27

28

180484.1