Todd M. Friedman (216752)
Meghan E. George (274525)
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard Street, Suite 780
Woodland Hills CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
mgeorge@toddflaw.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK AGUILAR, individually and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>-vs-<br><br>UNITED INDUSTRIES CORP.;<br>DOES 1-10, inclusive,<br><br>Defendant(s). | Case No. 1:20-cv-01564-DAD-JLT<br><br>**PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES** |

## INTRODUCTION

1. Plaintiff brings this action against Defendant UNITED INDUSTRIES CORP. ("Defendant") on behalf of all persons in California who purchased a Repel Insect Repellant Citronella Candle (collectively the "Class Products") within four (4) years prior to the filing of the Complaint ("the Class Members"). The Class Products are defectively manufactured and the resulting defects cause the candles to explode when extinguished in a customary manner as would be expected of a candle, causing serious injury and burns and the threat of serious damage to the Class Members. Defendant manufactures, tests, recalls, distributes, and sells the Class Products.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to the Class Action Fairness Act (CAFA) because the matter in controversy in this matter exceeds the sum or value of $5,000,000 as to all putative Class members, exclusive of attorneys' fees and costs. 28 U.S.C. Sections 1332(d), 1453, and 1711-1715.

3. This Court also has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that Plaintiff is a resident and citizen of the State of California while Defendant is a corporation incorporated under the laws of the State of Delaware.

4. Venue is proper in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Kern, State of California which is within this judicial district; (ii) the Class Product was purchased within this judicial district; and, (iii) many of the acts and transactions giving rise to this action occurred in this district because Defendant:

(a) is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district by selling Class Products within this district;

(b) does substantial business within this district;

(c) is subject to personal jurisdiction in this district because it has availed itself of the laws and markets within this district; and,

(d) the harm to Plaintiff occurred within this district.

## PARTIES

5. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the County of Kern, State of California. Plaintiff purchased a Repel Insect Repellant Candle in 2020 in Bakersfield, California.

6. Plaintiff is informed and believes and thereon alleges that Defendant is, and at all times mentioned herein was, a corporation incorporated under the laws of the State of Delaware. Plaintiff further alleges that all times relevant herein Defendant conducted business in the State of California and within this judicial district, where Defendant marketed and sold its products.

7. The true names and capacities of the Defendants sued herein as Does 1-10 inclusive are currently unknown to Plaintiffs, who therein sued Defendants by such fictitious names. Each of the Defendant's designated herein as a Doe is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of court to amend the Complaint to reflect the true names and capacities of the Doe defendants when such identities become known.

8. At all times herein mentioned, each and every defendant was the owner, agent, servant, joint venturer and employee, each of the other and each was acting within the course and scope of its ownership, agency, service, joint venture and employment.

9. At all times mentioned herein, each and every defendant was the successor of the other and each assumes the responsibility for the defective products.

## FACTUAL ALLEGATIONS

### REPEL INSECT REPELLANT CITRONELLA CANDLE

10. A Repel Insect Repellant Citronella Candle is a product manufactured and distributed by Defendant through retailers and directly. The trademark is owned by Defendant.

11. The Repel Insect Repellant Citronella candle is sold in major retail stores throughout the united states, including Walmart, Target, Home Depot, and numerous other retailers nationwide.

12. The Repel Insect Citronella Candle is sold at market value for anywhere between $5-$7 dollars.

13. The Class Product is designed in such a way that renders it unnecessarily dangerous to consumers who have purchased it and who attempt to extinguish it through the customary method of "blowing out" a candle. Instead of being extinguished without incident when extinguished in such way, the Class Product can explode and cause severe injury. The claims are evidenced by the hundreds (if not thousands) of consumer complaints on the Internet.

14. On or about early 2020, Plaintiff purchased the Class Product from the Walmart located at 6225 Colony St., Bakersfield, California 93307. For the Class Product, Plaintiff paid $6.97 before tax.

15. On or about May 18, 2020, after lighting and using the Class Product while camping, Plaintiff attempted to extinguish the Class Product through the customary method of "blowing out" the Class Product. Instead of harmlessly extinguishing, the Class Product instead exploded causing hot wax and chemicals to spill onto Plaintiff's face causing burns and eye irritation.

16. Plaintiff was forced to visit an urgent care and visit a doctor and incurred monetary damages in the form of medical bills which were a direct result of his injuries caused by Defendant's unreasonably designed products, that were unsafe, and dangerous.

17. The Class Products do not disclose in a prominent manner on the face of the product that they should not be extinguished by "blowing out."

18. Plaintiff, an avid camper, is likely to purchase another Repel Insect Repellant Citronella Candle or similar product in the future, and thus, is likely to be exposed to the same risks unless the product is recalled and the design and safety defects as stated herein, remedied. Plaintiff will be unable to rely on Defendant or its competitors labeling and their failure to prominently disclose the risks of using their products in a customary fashion when determining whether to purchase such products. Further, without an injunction, Plaintiff will not know whether Defendant has remedied the problem that gave rise to this action. These factors all justify the seeking of an injunction.

19. There were designs that Defendant could have used to render its Class Products safe for use in this customary method and to not expose Plaintiff and Class Members to unnecessary risk and dangers but which it chose not to use for cost-savings or other reasons.

20. Defendant was aware of the defect in its design of the Class Products through its testing, but chose not to either re-design the product so as to avoid the defect or prominently warn consumers about the danger.

21. Third party retailers who sold the Class Products to Plaintiff and the Class acted as the agents of Defendant. Plaintiff and the Class therefore were in a relationship of privity with Defendant. Plaintiff and the Class have had sufficient direct dealings with either the Defendant or its agents (the third-party retailers) to establish privity of contract between Plaintiff and the Defendant.

22. Further, privity is not required in this case because Plaintiff and the Class are intended third-party beneficiaries of the retailer relationship (i.e. the Class Products) between Defendant and its third-party retailers; specifically, they are the intended beneficiaries of Defendant's implied warranties. The third party retailers who sold these products manufactured by the Defendant were not intended to be the ultimate consumers of the defective products, and have no rights under the warranty agreements provided with the defective products; the warranty agreements were designed for and intended to benefit the ultimate consumers only.

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action, on behalf of himself and all others similarly situated and seeks class certification under Federal Rule of Civil Procedure 23.

24. Plaintiffs seek to represent a Class (the "Class") defined as follows:

> All consumers in California who purchased a Class Product within four years prior to the date of filing of the Complaint.

25. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

26. There is a well-defined community of interest in the litigation, the proposed class is easily ascertainable, and Plaintiff is a proper representative of the Class because:

a. *Numerosity*: The potential members of the Class as defined are so numerous that joinder of all the members of the Class impracticable. The class members are dispersed throughout California. Joinder of all members of the proposed class is therefore not practicable.

b. ***Commonality***: There are questions of law and fact common to Plaintiff and the Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, without limitation:

    i) whether Defendant has breached its implied warranties;

    ii) whether Defendant knew or should have known the Class Products were defective prior to selling or placing them into the stream of commerce;

    iii) whether Defendant was negligent in its design and sale of the Class Products;

    iv) whether Defendant committed an unfair business practice in its design and sale of the Class Products; and

    v) The nature and extent of damages, restitution, equitable relief and/or other relief to which the Defendants' conduct entitles the Class members and the proper formula(s) for calculating and/or restitution owed to Class members.

c. ***Typicality***: Plaintiff's claims are typical of the claims of the Class. Plaintiff and Class members were deprived of property rightly belonging to them, arising out of and caused by Defendant's common course of conduct in violation of law as alleged herein, in similar ways.

d. ***Adequacy of Representation***: Plaintiff is a member of the Class and will fairly and adequately represent and protect the interests of the class members. Plaintiff's interests do not conflict with those of class members. Counsel who represent Plaintiff are competent and experienced in litigating large class actions and will devote sufficient time and resources to the case and otherwise adequately represent the Class.

e. ***Superiority of Class Action:*** A class action is superior to other

available methods for the fair and efficient adjudication of this litigation, because individual joinder of all Class members would be impracticable. Many such persons' losses are modest in relation to the expense and burden of individual prosecution of the litigation necessitated by Defendant's wrongful conduct. Even if all Class members could afford such individual litigation, the court system would benefit from a class action. The prosecution of separate claims by individual members of the Class would create a risk of inconsistent or varying adjudications concerning individual members of the Class which would establish incompatible standards of conduct for the party opposing the Class, as well as create the potential for inconsistent or contradictory judgments. Furthermore, the prosecution of separate claims by individual members of the Class would create a risk of adjudications concerning individual members of the Class which would, as a practical matter, be dispositive of the interests of other members of the Class who are not parties to the adjudications, or substantially impair or impede the ability of other members of the Class who are not parties to the adjudications to protect their interests. Individualized litigation would also magnify the delay and expense to all parties and to the court system presented by the issues of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefit of comprehensive supervision by a single court, as well as economy of scale and expense.

## COUNT I

### BREACH OF IMPLIED WARRANTIES

### (SONG BEVERLY CONSUMER WARRANTY ACT [CAL. CIV. CODE §1790])

27. Plaintiff hereby incorporates by this reference as if fully set further herein, each and every allegation set forth in the preceding paragraphs of this complaint.

28. A warranty that the Class products were in merchantable condition was

implied in law in the transactions, pursuant to California law.

29. Merchantability, for purposes of the Song–Beverly Act, means that the consumer goods: (1) pass without objection in the trade under the contract description, (2) are fit for the ordinary purposes for which such goods are used, (3) are adequately contained, packaged, and labeled, and (4) conform to the promises or affirmations of fact made on the container or label. Cal. Civ.Code § 1791.1.

30. The Class Products, when sold and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which citronella candles are used. Specifically, the citronella candles are inherently defective in their manufacturing, in that they are highly flammable and when extinguished in a customary manner can result in burning the consumer, like the named Plaintiff herein. The result is that Class Products are dangerous as sold and are a safety danger to all consumers.

31. Plaintiff and Class members have had sufficient direct dealings with Defendant or its agents (retailers) to establish privity of contract. Notwithstanding this, privity is not required in this matter because Plaintiff and Class members are intended third party beneficiaries of contracts between Defendant and its dealers; specifically, they are the intended beneficiaries of Defendant's implied warranties. Finally, privity is also not required because Plaintiff's and Class members' Class Products are dangerous instrumentalities due to the aforementioned defects and nonconformities.

32. As a direct and proximate result of Defendant's breaches of the implied warranties of merchantability and fitness for a particular purpose, pursuant to the laws of California, Plaintiff and the Class members have been damaged in an amount to be determined at trial.

33. Plaintiff and Class members are entitled to recover damages as provided by statute, costs, attorneys' fees, rescission and other relief as is deemed

appropriate pursuant to the laws of California.

## COUNT II.

## VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, ET SEQ.
## [CALIFORNIA'S UNFAIR COMPETITION LAW]

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. Plaintiff and Defendant are each "person[s]" as defined by California Business & Professions Code § 17201. California Bus. & Prof. Code § 17204 authorizes a private right of action on both an individual and representative basis.

36. "Unfair competition" is defined by Business and Professions Code Section § 17200 as encompassing several types of business "wrongs," two of which are at issue here: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

37. By and through Defendant's conduct alleged in further detail above and herein, Defendant engaged in conduct which constitutes (a) unlawful and (b) unfair business practices prohibited by Bus. & Prof. Code § 17200 et seq.

38. Plaintiff and the Class have no adequate remedy at law in alternative to the Unfair Competition Law because only the Unfair Competition Law provides for injunctive relief in this instance.

39. Further, to the extent Defendant's conduct were determined to not violate any other of Plaintiff's causes of action, Plaintiff's only remedy at law for restitution would arise out of an unfair claim under the Unfair Competition Law— and thus there is no other adequate remedy at law.

### *(a) Unlawful" Prong*

40. As a result of Defendant's acts and practices in violation of the Song-Beverly Act, as set forth in this Complaint, Defendant has violated California's Unfair Competition Law, Business & Professions Code §§ 17200 *et seq.*, which provides a cause of action for an "unlawful" business act or practice perpetrated on members of the California public.

41. Defendant had other reasonably available alternatives to further its legitimate business interest, other than the conduct described herein, such as pulling its defective products from shelves rather than continuing to sell to consumers, as set forth by Cal. Bus. & Prof. Code § 17600, et seq.

42. Plaintiff and the putative class members reserve the right to allege other violations of law, which constitute other unlawful business practices or acts, as such conduct is ongoing and continues to this date.

### *(b) "Unfair" Prong*

43. Defendant's actions and representations constitute an "unfair" business act or practice under § 17200 in that Defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. Without limitation, it is an unfair business act or practice for Defendant to knowingly or negligently fail to prominently disclose the dangers of its product to its consumers or to otherwise design its products in such a way as to remove those dangers when its products are used in a customary fashion such as the way in which it was used by Plaintiff, as set forth by Cal. Bus. & Prof. Code §§ 17600, et seq.

44. At a date presently unknown to Plaintiff, but at least four years prior to the filing of this action, and as set forth above, Defendant has committed acts of unfair competition as defined by Cal. Bus. & Prof. Code §§ 17200 et seq., as alleged further detail above and herein.

45. Plaintiff and other members of the Class could not have reasonably avoided the injury suffered by each of them. Plaintiff reserves the right to allege further conduct that constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date, as Defendant continues to sell its defective products in the manner described above in herein, in violation of Cal. Bus. & Prof. Code §§ 17600, et seq. and Cal. Bus. & Prof. Code §§ 17200, et seq.

## COUNT III
### NEGLIGENCE

46. Plaintiff realleges and incorporates by reference all paragraphs as though fully set forth herein.

47. This claim is brought on behalf of the Class under the laws of the all the state of California, as there is no material difference in the law of negligence as applied to the claims and questions in this case.

48. Defendant has designed, manufactured, sold, or otherwise placed in the stream of commerce Class Products that are defectively designed, as set forth above.

49. Defendant had a duty to design and manufacture a product that would be safe for its intended and foreseeable uses and users, including the use to which its products were put by Plaintiff and the other members of the Class.

50. Defendant breached its duty to Plaintiff and the other Class Members because they were negligent in the design, development, manufacture, and testing of the Class Products in that the candles are designed so that a consumer acting in a reasonable manner to extinguish the candle is at risk of the candle exploding and causing them great injury.

51. Defendant was negligent in the design, development, manufacture, and testing of the Class Products because it knew, or in the exercise of reasonable care should have known, that these products created an unreasonable risk of harm to consumers.

12
PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES

52. Defendant further breached its duties to Class Members in that:

    a) Defendant knew or had reason to know that the Class Products were dangerous or likely to be dangerous, since they had a risk of exploding upon being extinguished by being "blown out";

    b) Defendant failed to exercise reasonable care to prominently inform customers of the defective condition of these candles.

53. Defendant had a continuing duty to warn and instruct the intended and foreseeable users of Class Products of the defective condition of the Class Products and the high degree of risk attendant to using the Class Products.

54. Class Members are entitled to know that the Class Products, in their ordinary operation, are not reasonably safe and secure for their intended and ordinary purposes and uses.

55. At all times at which Defendant knew or should have known of the defects described herein, Defendant breached its duty to Plaintiff and the other Class Members because it failed to prominently warn and instruct Class Members of the defective condition of the Class Products and the high degree of risk attendant to using the Class Products as intended.

56. As a direct and proximate result of Defendant's negligence, Plaintiff and the other members of the Class suffered damage.

## COUNT IV
## STRICT LIABILITY – DESIGN DEFECT

57. Plaintiff realleges and incorporates by reference all paragraphs as though fully set forth herein.

58. Under California Law, a defendant is strictly liable for design defect where the defendant manufactured, distributed or sold a product, the product did not perform safely as an ordinary consumer would have expected it to perform when used or misused in an intended or reasonably foreseeable way, the plaintiff was

harmed, and the product's failure to perform safely was a substantial factor in causing the plaintiff's harm.

59. In this case, Defendant manufactured, distributed and sold its Class Products to Plaintiff and Class Members.

60. The Class Products did not perform safely as an ordinary consumer would have expected them to perform when used or misused in an intended or reasonably foreseeable way—in this instance by exploding upon being extinguished by being "blown out."

61. Plaintiff and Class Members were harmed by the failure of the Class Products to perform safely.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests the Court grant Plaintiff and the Class members damages against Defendant and relief as follows:

- An order certifying this action as a class action and appointing Plaintiff as Class Representative and his counsel as Class Counsel;
- An order requiring Defendant to pay Plaintiff and Class members an amount of actual, direct, incidental and consequential damages in an amount to be determined at trial;
- An order awarding restitution as to all causes of action where restitution is available;
- An order awarding revocation as to all causes of action where revocation is available;
- An order granting preliminary and permanent injunctive relief requiring Defendants to recall and replace or repair the defective Class Products, and prohibit sales of the defective Class Products currently on shelves;

- An order awarding pre- and post-judgment interest;
- An award of reasonable attorney's fees and costs of suit as permitted by law; and
- For such other and further relief this Court may deem just and proper.

### TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Law Offices of Todd M. Friedman, P.C.

Dated: March 11, 2021   By: ____/s/ Todd M. Friedman_____

Todd M. Friedman, Esq.
Meghan E. George, Esq.
Attorneys for Plaintiff and the Proposed Class