Eileen M. Ahern (Bar No. 216822)
eahern@willenken.com
Mayra de Aguiar (Bar No. 212709)
mdeaguiar@willenken.com
WILLENKEN LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, California 90017
Telephone: (213) 955-9240
Facsimile: (213) 955-9250

Attorneys for Defendant
UNITED INDUSTRIES CORPORATION

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK AGUILAR, individually and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SPECTRUM BRANDS, INC.; UNITED INDUSTRIES CORP.; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 1:20-cv-01564-DAD-JLT<br><br>**DEFENDANT UNITED INDUSTRIES CORPORATION'S ANSWER TO PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>Assigned to the Hon. Dale A. Drozd |

Defendant United Industries Corporation ("Defendant"), by and through its attorneys, hereby answers plaintiff Mark Aguilar's ("Plaintiff") Second Amended Class Action Complaint ("SAC") as follows:

## INTRODUCTION

1. Defendant admits this is a class action suit brought by Plaintiff against Defendant purportedly on behalf of all persons in California who purchased a Repel Insect Repellant Citronella Candle within four (4) years prior to the filing of the Complaint. Defendant admits it distributes and sells the product at issue in this Complaint. Defendant further admits that it contracts with third part(ies) to manufacture the product at issue in this Complaint. Defendant further admits it conducted various tests on the product at issue in this Complaint prior to and as part of its registration by the Environmental Protection Agency pursuant to the Federal Insecticide, Fungicide, and Rodenticide Act, 7 U.S.C. sec. 136 et seq., as well as various tests on the product at issue after it was approved for sale throughout the United States, including the state of California. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's alleged motives in this paragraph and therefore denies them. Defendant otherwise denies the remaining allegations in this paragraph.

## JURISDICTION AND VENUE

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the Class Action Fairness Act. Defendant denies any liability and denies Plaintiff is entitled to any relief whatsoever.

3. Defendant admits it is a corporation incorporated under the laws of the State of Delaware. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's residency or citizenship and therefore denies them.

4. Defendants admit they transact business within this District. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding Plaintiff or the acts or transactions giving rise to this action and therefore denies them.

188254.3

## PARTIES

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff in this paragraph and therefore deny them. To the extent the allegations in this paragraph purport to summarize or state the labels of and advertising for the Products, the labels and advertising speak for themselves.

6. Defendant admits it is a corporation incorporated under the laws of the State of Delaware and conducts business in the State of California. Defendant admits it sold products within this District. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

8. Defendant denies the allegations of Paragraph 8.

9. Defendant denies the allegations of Paragraph 9.

## FACTUAL ALLEGATIONS

### REPEL INSECT REPELLANT CITRONELLA CANDLE

10. To the extent the allegations in this paragraph purport to summarize or categorize the labels of, and advertising for, the Product, the labels and advertising speak for themselves, and Defendant denies any characterization of the labels and advertising inconsistent with its content. To the extent the allegations in this paragraph are not directed at Defendant, no response is required. Defendant admits it distributes the Repel Insect Repellant Citronella Candle and owns its trademark. Defendant further admits it contracts with third part(ies) to manufacture the product at issue in this Complaint. Defendant otherwise denies the remaining allegations in this paragraph.

11. Defendant admits the Repel Insect Repellant Citronella Candle is sold in retail stores throughout the United States. To the extent the allegations in this paragraph attempt to characterize the retail establishment, provide a list of such establishments, or provide a general statement as to "numerous other retailers" without specifying a time frame, Defendant denies any such characterization and is without knowledge or information sufficient to form a belief as

to the truth of the allegations in this paragraph and therefore deny them.

12. To the extent the allegations in this paragraph purport to summarize or categorize the labels of, and advertising for, the Product, the labels and advertising speak for themselves, and Defendant denies any characterization of the labels and advertising inconsistent with its content. Defendant admits the Repel Insect Repellant Citronella Candle is sold in the market. To the extent the allegations in this paragraph attempt to characterize, generalize or approximate the value or price of the Repel Insect Repellant Citronella Candle without specifying a time frame, Defendant denies any such characterization and is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

13. Defendant denies the allegations in this paragraph.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding Plaintiff's actions on May 18, 2020 and therefore denies them. Defendant denies the remaining allegations in this paragraph, including that the subject product "exploded causing hot wax and chemicals to spill onto Plaintiff's face causing burns and eye irritation."

16. Defendant denies the allegations in this paragraph.

17. Defendant denies the allegations in this paragraph.

18. To the extent the allegations in this paragraph purport to summarize or categorize the labels of, and advertising for, the Product, the labels and advertising speak for themselves, and Defendant denies any characterization of the labels and advertising inconsistent with its content. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff in this paragraph and therefore denies them. Except as expressly answered, Defendant denies the remaining allegations in this paragraph.

19. Defendant denies the allegations in this paragraph.

20. Defendant denies the allegations in this paragraph.

3
DEFENDANT UNITED INDUSTRIES CORPORATION'S ANSWER TO PLAINTIFF'S SAC

21. To the extent the allegations in this paragraph are not directed at Defendant, no response is required. Defendant denies the remaining allegations in this paragraph.

22. Defendant denies the allegations in this paragraph.

## CLASS ACTION ALLEGATIONS

23. Defendant admits Plaintiff purports to bring this action as a putative class action. Defendant otherwise denies the allegations in this paragraph.

24. Defendant admits Plaintiff has a proposed class definition. Defendant denies that any class could or should be certified. Defendant otherwise denies the allegations in this paragraph.

25. Defendant denies that any class could or should be certified, and denies the allegations in this paragraph.

26. Defendant denies the allegations in this paragraph in its entirety, including all subsections.

## COUNT I

## BREACH OF IMPLIED WARRANTIES

## (SONG BEVERLY CONSUMER WARRANTY ACT [CAL. CIV. CODE 1790])

27. Defendant incorporates its responses to paragraphs 1 through 26 of this Answer as if fully set forth herein.

28. Defendant denies the allegations in this paragraph as conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

29. Defendant denies the allegations in this paragraph as conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph to the extent they are inconsistent with relevant statutory and case law.

30. Defendant denies the allegations in this paragraph.

31. Defendant denies the allegations in this paragraph as conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

188254.3

32. Defendant denies the allegations in this paragraph as conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

33. Defendant denies the allegations in this paragraph as conclusions of law to which no response is required. Defendant denies the remaining allegations in this paragraph, and denies it has any liability or that Plaintiff is entitled to any relief whatsoever.

## COUNT II

## **VIOLATION OF CAL. BUS. & PROF. CODE 17200, ET SEQ.**

## **(CALIFORNIA'S UNFAIR COMPETITION LAW)**

34. Defendant incorporates its responses to paragraphs 1 through 33 of this Answer as if fully set forth herein.

35. Defendant denies the allegations in this paragraph as conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

36. Defendant denies the allegations in this paragraph as conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph to the extent they are inconsistent with relevant statutory and case law.

37. Defendant denies the allegations in this paragraph.

38. Defendant denies the allegations in this paragraph as conclusions of law to which no response is required. To the extent a response is required, Defendant otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

39. Defendant denies the allegations in this paragraph as conclusions of law to which no response is required. To the extent a response is required, Defendant otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

### *(a) Unlawful Prong*

40. Defendant denies the allegations in this paragraph as conclusions of law to which

188254.3

no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

41. Defendant denies the allegations in this paragraph.

42. Defendant denies the allegations in this paragraph as conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph, including that Defendant engaged in any unlawful business practices or acts, that there are any ongoing unlawful acts, or that any additional claims by Plaintiff or putative class members are warranted. Defendant denies it has any liability or that Plaintiff is entitled to any relief whatsoever.

### (b) *"Unfair" Prong*

43. Defendant denies the allegations in this paragraph as conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

44. Defendant denies the allegations in this paragraph as conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

45. Defendant denies the allegations in this paragraph as conclusions of law to which no response is required. To the extent a response is required Defendant denies the allegations in this paragraph, including that Defendant engaged in any unfair business acts or practices, that there are any ongoing unlawful acts, or that any additional claims by Plaintiff or putative class members are warranted. Defendant denies it has any liability or that Plaintiff is entitled to any relief whatsoever.

## COUNT III
## NEGLIGENCE

46. Defendant incorporates its responses to paragraphs 1 through 45 of this Answer as if fully set forth herein.

47. Defendant admits Plaintiff purports to bring this action as a putative class action but denies any class could or should be certified. Defendant otherwise denies the allegations in

this paragraph.

48. Defendant admits it designs, manufactures, and sells the subject products. Defendant otherwise denies the allegations in this paragraph.

49. Defendant denies the allegations in this paragraph as conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph to the extent they are inconsistent with relevant statutory and case law, and denies that at any relevant time Defendant failed to comply with its duties.

50. Defendant denies the allegations in this paragraph.

51. Defendant denies the allegations in this paragraph.

52. Defendant denies the allegations in this paragraph in its entirety, including all subsections.

53. Defendant denies the allegations in this paragraph as conclusions of law to which no response is required. To the extent a response is required, Defendant denies the subject products were defective or involved a high degree of risk. For the remaining allegations, Defendant otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

54. Defendant denies the allegations in this paragraph as conclusions of law to which no response is required. To the extent a response is required, Defendant denies the subject products were not reasonably safe or secure for their intended and ordinary purposes. For the remaining allegations, Defendant otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

55. Defendant denies the allegations in this paragraph.

56. Defendant denies the allegations in this paragraph as conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph, and denies it has any liability or that Plaintiff is entitled to any relief whatsoever.

## COUNT IV

## STRICT LIABILITY – DESIGN DEFECT

57. Defendant incorporates its responses to paragraphs 1 through 56 of this Answer

188254.3

as if fully set forth herein.

58. Defendant denies the allegations in this paragraph as conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph to the extent they are inconsistent with relevant statutory and case law.

59. Defendant admits it manufactured, distributed and sold the subject products. Defendant otherwise is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

60. Defendant denies the allegations in this paragraph.

61. Defendant denies the allegations in this paragraph.

**PRAYER FOR RELIEF**

Defendant denies Plaintiff's Prayer for Relief in its entirety, and denies all allegations in the SAC not expressly admitted herein.

**AFFIRMATIVE DEFENSES**

By asserting the following affirmative defenses, Defendant does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these matters.

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Cause of Action)

1. Plaintiff's claims, and those of the purported class, fail to state facts sufficient to constitute a cause of action against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

(Unclean Hands)

2. The SAC is barred, in whole or in part, by the equitable doctrine of unclean hands.

**THIRD AFFIRMATIVE DEFENSE**

(Estoppel)

3. By conduct, representations and omissions, Plaintiff, and members of the purported class, are equitably estopped from asserting any claim for relief.

//

188254.3

## FOURTH AFFIRMATIVE DEFENSE

(Contributory Negligence)

4. Plaintiff, and the purported class, are barred, in whole or in part, from recovering the relief sought in the FAC because any loss, injury, damage or detriment suffered or sustained by Plaintiff was directly and proximately caused and contributed to by the conduct, acts, omissions, activities, carelessness, negligence, and/or intentional misconduct of Plaintiff, thereby completely or partially barring Plaintiff's recovery herein.

## FIFTH AFFIRMATIVE DEFENSE

(Laches)

5. The SAC is barred, in whole or in part, under the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

(Waiver)

6. Plaintiff's claims, and those of the purported class, are barred by the doctrine of waiver.

## SEVENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

7. One or more of the causes of action in the SAC is barred by the applicable statutes of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

(Intervening Act)

8. Defendant is not liable to Plaintiff, or the purported class, because of the subsequent and intervening acts of Plaintiff, other parties to this action, other third parties, and/or members of the purported class, all of which caused the damages, if any, alleged in the SAC.

## NINTH AFFIRMATIVE DEFENSE

(Modification)

9. Plaintiff is barred, in whole or in part, from recovering the relief sought in the FAC because any loss, injury, damage, or detriment suffered or sustained by Plaintiff was directly and proximately caused and contributed to by the abuse, misuse, substantial change,

alteration, modification and/or failure to maintain the subject product in question following its sale and after it left Defendants' control, all without the knowledge or consent of Defendants.

**TENTH AFFIRMATIVE DEFENSE**

(Lack of Intent)

10. Plaintiff, and the purported class, are barred in whole or in part from recovering the relief sought in the SAC to the extent that any alleged bad act lacked the requisite intent by Defendant.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Lack of Causation)

11. Plaintiff, and the purported class, are barred in whole or in part from recovering the relief sought in the SAC because Defendant was not the proximate or legal cause of Plaintiff's alleged injury.

**TWELFTH AFFIRMATIVE DEFENSE**

(Assumption of Risk)

12. Plaintiff, and the purported class, are barred, in whole or in part, from recovering the relief sought in the SAC because Plaintiff, and the purported class, knew of and fully understood the danger and risks incident to their undertaking but despite such knowledge, they freely and voluntarily assumed and chose to be exposed to all risks of harm and the consequential injuries and resultant damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Misuse of Product)

13. Plaintiff's claims, and those of the purported class, are barred, in whole or in part, because any and all events, occurrences, injuries and damages, if any, alleged by Plaintiff, and the purported class, were proximately caused or contributed to by the subject product in question having been used in a non-intended or abnormal manner, and not as a result of any defects in or failure of said product or any component thereof.

//

//

188254.3

## FOURTEENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

14. Plaintiff's claims, and those of the purported class, are barred, in whole or in part, because Plaintiff and the purported class have failed to mitigate their damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

(State of the Art)

15. Plaintiff's claims, and those of the purported class, are barred, in whole or in part, because the product which is the subject of the SAC was "state of the art" at the time it was manufactured and not defective in any legally actionable manner.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Preservation of Evidence)

16. Plaintiff's claims are barred, in whole or in part, because Plaintiff is precluded from proceeding against Defendants by reason of her negligent or otherwise wrongful failure to preserve, or to cause others to preserve, evidence, including the product that is the subject of the FAC itself.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Comparative Fault of Third Parties)

17. Plaintiff's claims are barred, in whole or in part, because Defendants are not legally responsible in any fashion with respect to the damages and injuries claimed by Plaintiff in the FAC; however, if Defendants are subjected to any liability to Plaintiff, it will be due, in whole or in part, to the acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of others; wherefore, any recovery obtained by Plaintiff against Defendants should be reduced in proportion to the respective negligence and fault and legal responsibility of all other parties, persons and entities, their agents, servants and employees who contributed to and/or caused any such injury and/or damages, in accordance with the law of comparative negligence; the liability of Defendants, if any, is limited in direct proportion to the percentage of fault actually attributed to them.

//

188254.3

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Standing)

18. Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks the capacity and/or standing to sue.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Standard of Care)

19. Plaintiff's claims are barred, in whole or in part, because Defendants, at all times, complied with the applicable standard of care.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Speculative Damages)

20. Plaintiff's alleged damages, if any, are speculative, uncertain, and incapable of being determined by a trier of fact.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Protected Speech)

21. Plaintiff's claims, and those of the purported class, are barred, in whole or in part, because Defendant's conduct is protected commercial speech and/or to the extent that the relief sought would violate the First Amendment's protection thereof. Defendant's labeling constitutes commercial speech as it is a writing for the purpose of engaging in lawful commercial activity that is neither false nor misleading.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Lack of Injury)

22. Plaintiff, and the purported class, have not sustained any injury or damages as a result of the conduct alleged.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(Lack of Privity)

23. Plaintiff's claims, and those of the purported class, are barred, in whole or in part, because they were not in privity with Defendant.

//

188254.3

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Improper Class Action)

24. Plaintiff cannot satisfy the requirements to maintain a class action under Fed. R. Civ. P. 23.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Commonality and Superiority)

25. Common questions of law and fact, if any, do not predominate, and a class action is not superior to other methods to fairly and efficiently adjudicate the claims alleged.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Ascertainability)

26. This action cannot be maintained as a class action because the purported class is not ascertainable.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Inadequate Class Representative)

27. Plaintiff is an inadequate representative of the class proposed in the SAC. Plaintiff's counsel is not adequate legal counsel of the class proposed in the SAC.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Permitted by Federal Law)

28. Defendant's business practices are permitted by federal law and/or federal regulations.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

(No Warranty)

29. Plaintiff's claims, and those of the purported class, are barred, in whole or in part, because Defendant made no warranty to Plaintiff, express or implied, for the damages alleged in the SAC.

## THIRTIETH AFFIRMATIVE DEFENSE

(Voluntary Payment Doctrine)

30. Plaintiff's claims, and those of the purported class, are barred, in whole or in part,

188254.3

by the voluntary payment doctrine because Plaintiff and the purported class members voluntarily paid for Defendant's products about which they now complain with full knowledge of the facts and circumstances pursuant to which such amounts were paid.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

(Adequate Remedy at Law)

31. Plaintiff, and the purported class, are not entitled to equitable relief because there is an adequate remedy at law.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

(Express Preemption)

32. Plaintiff's claims are barred, in whole or in part, by the Supremacy Clause, Article VI, Section 2, of the United States Constitution and the Federal Insecticide, Fungicide, and Rodenticide Act, 7 U.S.C. §136 et seq. ("FIFRA"), the provisions of which United Industries and/or the product at issue has fully complied.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

(Implied Preemption)

33. To the extent Plaintiff's claims are not expressly preempted by Federal law, those claims are impliedly preempted by the Federal Insecticide, Fungicide, and Rodenticide Act, 7 U.S.C. §136 *et seq.*, the regulations and regulatory action taken thereunder by the Environmental Protection Agency, and the Supremacy Clause, Article VI, Section 2, of the United States Constitution.

## ADDITIONAL DEFENSES

34. Defendant reserves the right to assert additional affirmative defenses once the precise nature of the relevant circumstances or events is determined through discovery.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1. Dismissal of Plaintiff's SAC with prejudice;
2. That Plaintiff take nothing by the SAC, and judgment be entered in Defendant's favor and against Plaintiff, together with costs of suit;

188254.3

3. Denial of class certification;

4. Denial of any and all relief requested;

5. Statutory costs incurred in defending this action;

6. All further relief to which Defendant may be entitled at law or in equity;

7. Leave to amend its Answer to conform to proof later discovered, pled or offered; and

8. Such other relief as this Court deems just and proper.

Respectfully submitted,

Dated: April 8, 2021

WILLENKEN LLP

By: */s/ Mayra de Aguiar*
Mayra de Aguiar
Attorneys for Defendant
UNITED INDUSTRIES CORPORATION